## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STEVEN SICHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  09 C 1825** |
| | ) | **Judge Gottschall** |
| **MERRILL LYNCH & CO., INC.,** | ) | **Magistrate Judge Mason** |
| | ) | |
| **Defendant.** | ) | |

### MOTION TO DISQUALIFY RANDALL B. GOLD, ESQUIRE
### AND THE FIRM OF FOX & FOX

COMES NOW Defendant Merrill Lynch Pierce Fenner & Smith Inc. ("Merrill Lynch" or "Defendant"), incorrectly identified as Merrill Lynch & Co., Inc., and hereby moves this Honorable Court to disqualify Randall B. Gold, Esq. ("Mr. Gold") and his law firm, Fox & Fox, from serving as Plaintiff's counsel in this action.  Mr. Gold is a fact witness in this matter and has recently identified himself on Plaintiff's Rule 26 disclosures as an individual with discoverable information.  For the reasons explained herein, Plaintiff's continued representation by Mr. Gold (or any of the other five members of his law firm) is inappropriate under applicable rules and governing law.

### I.      FACTUAL BACKGROUND

In the instant lawsuit, Plaintiff claims that Merrill Lynch's decision to withdraw an offer to settle threatened legal claims relating to Plaintiff's employment termination was somehow an act of unlawful ADEA retaliation.  Specifically, Plaintiff claims that Merrill Lynch (through Adam Greenfield, its in-house counsel) retracted a settlement offer in an effort to retaliate against him because he was allegedly providing assistance to his attorney (Mr. Gold) in his preparation of an EEOC charge on behalf of another Merrill Lynch employee (Dan Duhig).

01823974.4

Complaint, ¶¶ 9-10. According to Plaintiff, Merrill Lynch gained knowledge of his alleged protected activity when Mr. Gold informed Mr. Greenfield that Plaintiff was assisting Mr. Gold in his investigation and preparation of Mr. Duhig's EEOC claim.

Assuming *arguendo* that Plaintiff can state a viable claim of retaliation on these alleged facts,[1] it appears clear that he intends to rely on Mr. Gold, his counsel, as a witness in support of his claims. Specifically, it appears that Plaintiff intends to rely on a purported conversation between Mr. Greenfield and Mr. Gold to establish that Merrill Lynch *was aware* that Plaintiff was assisting Mr. Gold in his review of Mr. Duhig's claims and in his preparation of an EEOC charge on behalf of Mr. Duhig (which, Plaintiff contends, constituted protected activity). Defendant has made clear in its pleadings that it denies it had knowledge of Plaintiff's alleged protected activity at the time of the withdrawal of the settlement offer. See Answer, ¶¶ 9-10; see also Report of Parties Planning Meeting, Section 3b (Doc. # 17). If Mr. Gold intends to offer (or even "may" offer) evidence or testimony contrary to Defendant's position, the law is clear that he cannot continue to serve as counsel for Plaintiff.

On June 23, 2009, Defendant's counsel wrote a letter to Plaintiff's counsel raising concerns over whether he was planning to assume a dual role of counsel and witness. See Ex. A. The same afternoon, Defendant was served with Plaintiff's Rule 26 initial disclosures on which Mr. Gold was listed as an individual with discoverable information.[2] See Ex. B. Mr. Gold listed himself as a witness with "knowledge of communications relating to Plaintiff's protected

---

[1] Obviously, there are a host of legal problems with Plaintiff's theory including among others: 1) the fact that withdrawal of a post-employment settlement offer is not an adverse employment action; 2) the fact that talking to another employee's attorney does not qualify as protected activity; and 3) the fact that Merrill Lynch did not even know that Plaintiff had allegedly spoken with Mr. Duhig's attorney when it withdrew its offer of settlement.

[2] Rule 26 requires that parties identify individuals "that the disclosing party may use to support its claims or defenses, unless the use will be solely impeachment."

activity." *Id.* Upon receipt of these disclosures, Defendant's counsel sent another letter to Plaintiff's counsel asking that he and his firm withdraw as counsel. See Ex. C. Counsel responded and refused to withdraw. See Ex. D. In response, Defendant's counsel again asked Mr. Gold to voluntarily withdraw as counsel and informed him that if he did not do so, Defendant would file an appropriate motion to disqualify. See Ex. E. Mr. Gold still refused to withdraw.

By listing himself as a witness on Plaintiff's Rule 26 disclosures, Mr. Gold has affirmatively represented that he is an individual "likely" to have "discoverable" information and that he is a person whose testimony Plaintiff "may use to support [his] claims or defenses." See Fed. R. Civ. P. 26. This disclosure alone is more than sufficient to warrant Mr. Gold's disqualification under applicable case law and under the ethical rules that prohibit counsel from appearing both as advocate and witness. Moreover, because Mr. Gold works in a small firm with only five other attorneys,[3] his entire firm is due to be disqualified.

For Mr. Gold (or his firm) to continue as counsel and as a witness for Plaintiff would violate Rule 3.7 of the Illinois Rules of Professional Conduct and the American Bar Association's Model Rules of Professional Conduct 3.7. For the reasons outlined below, Mr. Gold should either stipulate that he will not provide evidence or appear as a witness (and withdraw his name from Plaintiff's Rule 26 disclosures), or be disqualified as counsel. If Mr. Gold so stipulates, then Defendant will not object to his continued role (or his firm's continued role) as counsel for Plaintiff. Otherwise, disqualification is warranted.

---

[3] Mr. Gold will retain a significant monetary stake in the outcome of the litigation regardless of whether he or his partners serve as lead counsel.

## II.    LEGAL ANALYSIS

It is by now well-settled that a court can (and in most cases, should) disqualify a lawyer from representing a party in an action in which the lawyer may be called to testify. As the Seventh Circuit recognized, "[t]he advocate-witness rule, which articulates the professional impropriety of assuming the dual role of advocate and witness in a single proceeding, has deep roots in American law...That counsel should avoid appearing both as advocate and witness except under special circumstances is beyond question..." *United States v. Ewing*, 979 F.2d 1234, 1236 (7th Cir. Ill. 1992) (noting that "[t]he recognized rationales for forbidding counsel to appear as a witness are: . . . it eliminates the possibility that the attorney will not be a fully objective witness, . . . it reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments, . . . it reflects a broad concern that the administration of justice not only be fair, but also appear fair . . . .") citing *United States v. Johnston*, 690 F.2d 638, 642 (7th Cir. 1982) (en banc); *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983).

A Court can disqualify a lawyer who attempts to appear as both an advocate and witness under Rule 3.7 of the Illinois Rules of Professional Conduct (which mirror the ABA Rules of Professional Conduct).

Rule 3.7 of the Illinois Rules of Professional Conduct states:

(a) A lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client, except that the lawyer may undertake the employment and may testify:

(1) if the testimony will relate to an uncontested matter;

(2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;

(3) if the testimony will relate to the <u>nature and value of legal services</u> rendered in the case by the lawyer or the firm to the client; or

(4) as to any other matter, if refusal to accept or continue the employment would work a <u>substantial hardship</u> on the client.

Ill. Rule Prof. Conduct 3.7 (emphasis added). Similarly, Rule 3.7 of the ABA Rules of Professional Conduct states:

(a) A lawyer <u>shall not</u> act as advocate at a trial in which the lawyer is <u>likely to be</u> a necessary witness <u>unless:</u>

(1) the testimony relates to an <u>uncontested issue;</u>

(2) the testimony relates to the <u>nature and value of legal services</u> rendered in the case; or

(3) disqualification of the lawyer would work <u>substantial hardship</u> on the client.

ABA Rule of Prof. Conduct 3.7.[4]

Courts routinely hold that "doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." *Hamrick v. Union Township,* 81 F.Supp. 2d 876, 879 (S.D. Ohio 2000); *Freeman v. Vicchiarelli,* 827 F.Supp. 300, 306 (D.N.H. 1993) (same); *Stone v. City of Philadelphia,* 1986 U.S. Dist. LEXIS 17329, *16 (E.D. Pa. 1986) (citing Ethical Consideration EC 5-10, and holding "First, if a choice ought to me made between the attorney testifying on behalf of his client and the attorney continuing to represent his client, the choice should be made in favor of testifying and against representation...Second, the court should resolve all doubts as to the existence of a rules violation in favor of disqualification.").

---

[4] The Illinois Code of Professional Responsibility Disciplinary Rule 5-102 also provided in part that if an attorney ". . . or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and he nor his firm . . . shall continue representation in the trial . . ." While the disciplinary rules underlying this Code have been repealed, the standard set forth in DR 5-102 is very similar to the standard under Rule 3.7. *See Jones v. City of Chicago,* 610 F.Supp. 350, 356 (N.D. Ill. 1984) (applying cases interpreting DR-5-102 standard to the issue of disqualification under Rule 3.7 because the standard set forth in Rule 3.7 is "quite similar" and sufficiently analogous to the standard in DR-5-102(A)).

01823974.4

Applying these straightforward legal principles to the case at hand, it is clear that Mr. Gold (and his law firm) are due to be disqualified because Mr. Gold is likely to be required to testify, and none of the limited exceptions to the lawyer-witness rule apply.

**A.      Mr. Gold is a Likely Witness in This Dispute.**

There can be no genuine dispute but that Mr. Gold is a likely witness in this proceeding. Again, he has specifically *identified himself as a witness* with discoverable information on Plaintiff's Rule 26 disclosures.  See Ex. B.  Defendant has also recently discovered that Mr. Gold identified himself to the EEOC as the person who put Merrill Lynch on notice of alleged protected activity by Plaintiff.   See Attachment to Ex. A.   In addition, he has recently propounded multiple requests for admission, most of which concern *his communications* with counsel for Merrill Lynch.  Clearly, Mr. Gold is at the very least a *potential* witness in this matter.

Nor can Mr. Gold avoid disqualification by simply claiming he is undecided at this time whether or not he will testify.  The rules provide for disqualification in the event an attorney "may" be a witness or is a "likely" witness.  These standards are clearly met here.

Moreover, the issue of whether Merrill Lynch was on notice of alleged protected activity is a critical issue in Plaintiff's retaliation claim, and a contested issue.  Defendant has made clear to Plaintiff's counsel on numerous occasions that it denies any knowledge of Plaintiff's alleged protected activity at the time it withdrew the settlement offer (the only challenged act in this proceeding).  Defendant has also been clear that if asked, Mr. Greenfield will affirmatively testify that Mr. Gold did not tell him that Mr. Sicher had engaged in the alleged protected activity.  Based on these representations, nothing prevents Mr. Gold from deciding right now whether or not he intends to testify or present evidence contradicting Merrill Lynch's position.

- 6 -

Unless he is willing to stipulate that he will not offer evidence or testify, Mr. Gold falls

squarely into the category of a likely or potential witness, and must therefore be disqualified.

*See Jones v. City of Chicago,* 610 F.Supp. 350, 357 (N.D. Ill. 1984) ("a lawyer ought to testify

on behalf of his client when the lawyer has 'crucial information in his possession which must be

developed.'");[5] *see also Evergreen Marine Corp. v. Division Sales, Inc.,* 2003 U.S. Dist. LEXIS

3425, *9 (N.D. Ill.) ("Under the American Bar Association's Model Rules of Professional

Conduct ('MRPC'), if a lawyer is 'likely to be a necessary witness' in an action, that lawyer

cannot also act as advocate…").

## B. None of the Limited Exceptions under which an Attorney Can Also Serve as a Witness Applies Here.

Mr. Gold's anticipated testimony plainly does not fall within any of the four limited

exceptions to the advocate-witness rule. Obviously, Mr. Gold's testimony does not relate to the

nature and value of legal services rendered in the case by himself or his firm. This leaves

Plaintiff to argue one or more of the three remaining exceptions: (1) that Mr. Gold's testimony

will relate to a matter of formality; (2) that Mr. Gold's testimony goes to an uncontested matter;

or (3) that disqualification would work substantial hardship on Plaintiff. None of these

exceptions has any colorable basis here.

First, it is indisputable that Mr. Gold's testimony, if allowed, would go to a key element

of his client's case (rather than a mere formality). Specifically, Mr. Gold's testimony will

address the critical question of notice — that is, whether Merrill Lynch knew of Plaintiff's

purported protected activity when it withdrew the settlement offer. As evidence of the centrality

---

[5] In disqualifying plaintiff's counsel, the *Jones* Court also looked to Ethical Considerations 5-9 and 5-10. *Id.* at **13, n.2. EC 5-9 aptly states: "An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." *Id.* Similarly, EC 10 cautions that "doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." *Id.*

of this issue, one need look no further than the Complaint, in which Plaintiff specifically alleges that at the time of the settlement withdrawal: "Defendant was also aware of Plaintiff's cooperation, support and participation in the Duhig investigation." Complaint ¶ 9. It is also clear from Plaintiff's Rule 26 disclosures and Plaintiff's Rule 22 requests for admission that Plaintiff is relying on Mr. Gold's conversations with Mr. Greenfield to support this key allegation in his complaint.[6] Even if there are other witnesses Plaintiff intends to use for this purpose, Mr. Gold is clearly a likely witness on this subject—and the subject is far more than a mere formality. The exception under Rule 3.7 relating to a "matter of formality" applies only if "the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony." See Rule 3.7(a)(2), Ill. R. of Prof. Conduct. Clearly, this exception is inapplicable on these facts.

Second, the subject matter for which Mr. Gold may testify is clearly contested in this litigation. Defendant has repeatedly informed Mr. Gold that it is Defendant's position (and Mr. Greenfield will testify) that Mr. Gold did not inform him of any alleged protected activity by Plaintiff before Merrill Lynch's withdrawal of the settlement offer. In fact, when Mr. Sicher's

---

[6] *See also 155 North High, Limited v. Cincinnati Ins. Co.*, 650 N.E.2d 869, 872-73 (1995) (finding attorney who testified to conversations and alleged acts of bad-faith claim handling by defendant insurance company should have been disqualified as his testimony was necessary to prove his client's claims); *SAS Overseas Consultants and Asia Trading & Contracting, LTD v. Offshore Consultants USA, LTD.*, 1998 U.S. Dist. LEXIS 15711, *10 (D. La.) ("The Court concludes that the local rules, state rules, Model Rules, and to a lesser extent, Model Code all suggest that Coffee should be disqualified. The right to choice of counsel does not override the long-standing ethical rule against advocates testifying, especially in light of the importance of Coffee's testimony to the central issue in this case."); *Groper v. Taff*, 717 F.2d 1415, *1419 (D.D.C. 1983) (affirming disqualification of counsel and holding the court reasonably found that Lawson ought to appear on Groper's behalf in presenting her *prima facie* case as well as in rebutting Taff's affirmative defenses and therefore that DR 5-102(A) required disqualification."); *Lange v. Orleans Levee Dist.*, 1997 U.S. Dist. LEXIS 14219, *12 (E.D. La.) (disqualifying plaintiffs' counsel in discrimination case where counsel was involved in the events that resulted in the termination of plaintiffs and would likely be called as a witness); *Hood v. Midwest Savings Bank*, 2001 U.S. Dist. LEXIS 24512, *10 (S.D. Ohio) (affirming disqualification of plaintiff's counsel where his testimony was necessary to establish some claims).

name was mentioned in the conversation Mr. Gold had with Mr. Greenfield concerning the Duhig matter, Mr. Gold informed Mr. Greenfield that he had not spoken to Mr. Sicher with regard to Duhig's claims. As there appears to be a clear dispute in the witnesses' anticipated testimony, disqualification of Mr. Gold is appropriate. *See e.g. Mason and Dixon Lines, Inc. v. Glover,* 1989 U.S. Dist. LEXIS 12693, *1 (N.D. Ill.) (disqualifying plaintiff's counsel in claim premised on an oral contract for settlement of another case where plaintiff's counsel was present at the settlement and was likely to be a witness); *Jones,* 610 F.Supp. at 357 (N.D. Ill. 1984) (disqualifying plaintiff's counsel whose testimony was crucial to advance completely and zealously plaintiff's claims and necessary to rebut the testimony of defense witnesses); *Record Data, Inc. v. Schoolcraft, Jr.,* 1986 U.S. Dist. LEXIS 18991 (N.D. Ill. 1986) (disqualifying plaintiff's attorney where he was listed as a witness for plaintiff and his testimony went to the core of the issues); *General Mill Supply Co. v. SCA*, 697 F.2d 704, 711 (6th Cir. 1983) (affirming disqualification of an attorney who could testify as to a conversation the attorney had which formed the basis for his client's claim for abuse of process).[7]

Third, Defendant is raising this matter early to avoid any hardship relating to the reassignment of counsel. Presently, the only discovery that has been issued is Plaintiff's Requests for Admission issued on July 6, 2009. Discovery is not due to be completed until December 30, 2009. The case is not set for trial until February 2010. Plaintiff cannot establish any substantial hardship by Mr. Gold's disqualification at this early stage in the case.[8]

---

[7] In correspondence, Mr. Gold has also suggested that his cell phone records may be used as evidence in the proceeding as they will evidence the timing of the conversation he had with Mr. Greenfield. The fact that he is already pointing to evidence he has to support Plaintiff's claims underscores the likelihood that he will likely appear as a witness in this proceeding. *See e.g. Stone,* 1986 U.S. Dist. LEXIS 17329 at *20 ("because any testimony by Spear Wilderman attorneys would be intended to contradict plaintiffs' conspiracy claims, the testimony would not "relate solely to an uncontested matter.").

[8] *See e.g. Liess v. General Elec. Co.,* 659 F.Supp 979, 984 (N.D. Ill. 1987) ("Defendants did not wait until the eve of trial to raise the ethical difficulty . . . but instead filed their motion to disqualify at an early

In short, Plaintiff simply cannot establish the existence of any of the exceptions to the advocate-witness rules that would allow him to continue his representation of Plaintiff, and he should therefore either stipulate that he will not provide testimony or other evidence in support of Plaintiff's claims, or be disqualified.[9]

## C. The Disqualification of Mr. Gold Must Extend to the Other Members of His Six-Member Firm.

If Mr. Gold refuses to stipulate that he will not provide evidence in this matter and if he is therefore disqualified (as he should be) from representing Plaintiff in this matter, then his firm, Fox & Fox, should also be disqualified. Obviously, it would be entirely inappropriate for Mr. Gold's law partners to continue to litigate the matter with Mr. Gold as a star witness. The Fox & Fox firm consists of only five other attorneys besides Mr. Gold (six total). If Fox & Fox continues to represent Plaintiff, Mr. Gold will continue to have a vested monetary interest in the outcome of the proceeding. For these and other obvious reasons, courts have held that if a

---

state of this litigation, soon after the basis for the motion became apparent. Although plaintiffs will be inconvenienced by . . . disqualification, they have neither claimed nor shown the exceptional circumstances and hardship that might entitle them to relief from disqualification"); *Mason and Dixon,* 1989 U.S. Dist. LEXIS at *3 (plaintiffs failed to establish any substantial hardship); *Jones,* 610 F.Supp. at **26, 29 (finding no substantial hardship where issue was raised at early stage of litigation prior to substantial discovery and noting "courts have generally rejected arguments that a lawyer's long-standing relationship with the client, involvement with the litigation from its inception or financial hardship to the client are sufficient reasons to invoke the 'substantial hardship' exception to the advocate-witness rule.").

[9] As indicated above, if Mr. Gold will stipulate that he will not serve as a witness or otherwise offer evidence in this case, then Defendant will not object to his continued role as counsel. However, Mr. Gold cannot have it both ways. *See Flodine v. State Farm Ins.,* 2003 U.S. Dist. LEXIS 4006, *39 (N.D. Ill.) ("NAA must realize, however, that it will be required to put forward a case regarding the reasonableness of the settlement here. It will have to decide whether to put Mr. Mullen on the stand as a witness, and find new counsel or retain Mr. Mullen as counsel and present this evidence another way. NAA claims that it has other sources. It will need to call upon those other sources if it intends to keep Mr. Mullen as counsel. To be clear, Mr. Mullen will not be permitted to both act as NAA's counsel and take the stand as a witness supporting the reasonableness of the settlement."); *Bogosian v. Bd of Educ.,* 95 F.Supp.2d 874, *876 (N.D. Ill. 2000) (noting that if plaintiff's attorney will testify to the alleged oral agreement, he could not represent plaintiff at trial); *Thomas Steel Corp. v. Ameri-Forge Corp.,* 1991 U.S. Dist. LEXIS 18086, *11 (N.D. Ill.) (*plaintiff's counsel permitted to continue as counsel only after he specifically agreed not to testify at trial and that no witness would be questioned concerning statements purportedly made to plaintiff's counsel*); *Miller,* 1989 U.S. Dist. LEXIS 1543 at *4 (Court did not disqualify counsel because counsel stipulated he would not testify on the plaintiff's behalf).

lawyer is disqualified as counsel in these circumstances, members of the lawyer's firm are likewise disqualified. *See Jones,* 610 F. Supp. at **23 ("Courts have simply recognized to the extent the client's case is proffered through the advocate-attorney's partner or associate, the advocate partner must indelicately argue their partner's credibility...Moreover, the testifying lawyer's credibility is still impaired since the opposing side can argue that the testifying lawyer still maintains a stake in the litigation."); *Mason and Dixon,* 1989 U.S. Dist. LEXIS 12693 at *3 ("Since it is obvious an attorney for Simpson & Moran ought to be a witness, all members of that firm are disqualified."); *Baker v. BP America, Inc.,* 786 F.Supp. 208, 214 (N.D. Ohio 1991) (disqualifying counsel and his firm where counsel was significantly involved in the events underlying the lawsuit and counsel was likely an important witness for several of the parties); *Hamrick,* 81 F.Supp.2d at 879 (granting motion to disqualify counsel and his firm where it was likely counsel would be called as a witness to contradict expected testimony); *Liess,* 659 F.Supp at 984 (disqualifying plaintiff's counsel and his firm where defense counsel intended to call plaintiff's counsel as a witness) (citations omitted).

**D.      The Disqualification Issue Should Be Decided Early in This Proceeding.**

Finally, it is not appropriate for Plaintiff to adopt a "wait and see" approach to this issue, as he apparently aims to do. The disqualification issue should be decided early to minimize disruption and prejudice to the parties. *See Mason and Dixon,* 1989 U.S. Dist. LEXIS 12693 at *3 ("DR 5-102(A) requires withdrawal if such becomes obvious while the case is proceeding. It does not provide that withdrawal can wait until the time of trial, which is sensible under the Model Code since the entire firm becomes disqualified and such a disqualification would be disruptive on the eve of trial."); *Freeman,* 827 F.Supp. at 303 (D.N.H. 1993) ("An attorney facing disqualification at the trial stage might be too anxious to settle a dispute before trial.

Conversely, opposing counsel, armed with the knowledge that opposing counsel faces disqualification, might be unwilling to accept an otherwise attractive settlement offer. Finally, allowing an attorney who will testify to continue to advocate up to the time of trial would put me in the compromising position of choosing whether to force the advocate's client to start over with a new attorney on the eve of trial, to bar testimony necessary to decide the merits of the case, or to abrogate my duty to apply RPC 3.7…**Early application of the attorney-witness rule is necessary for the smooth operation of adversarial adjudication.**"); *General Mill,* 697 F.2d at 715-716 (disqualifying counsel from entire litigation phase of case and rejecting Plaintiff's request to table the issue until trial."); *Gandler v. Int'l Sports Advisors Co.,* 1994 U.S. Dist. LEXIS 10236, *5-6 (denying plaintiff's counsel request to at least represent the plaintiff through pre-trial matters).[10]

## IV.   CONCLUSION

For the reasons set forth above, Defendant respectfully requests this Court disqualify Randall B. Gold, Esq. and his firm, Fox & Fox as Plaintiff's counsel in this case. Defendant will not object to this matter being stayed for a reasonable period of time to allow Plaintiff time to retain alternate counsel.

Respectfully submitted,

*/s/ Carole G. Miller*
Carole G. Miller
Audrey Y. Dupont
Attorneys for Defendant
Merrill Lynch, Pierce, Fenner & Smith Incorporated

---

[10] Nor would it be appropriate for Plaintiff's counsel to continue to accrue attorney time (for which Plaintiff seeks recovery in his Complaint) if he is likely to testify in the case. The greater the attorney fees Mr. Gold has at stake in this proceeding, the greater his potential bias on the witness stand.

01823974.4

OF COUNSEL:
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Peter E. Cooper, Esq.
Lawrence, Kamin, Saunders & Uhlenhop, LLC
300 South Wacker Drive
Suite 500
Chicago, Illinois 60606

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following via electronic mail and First Class mail, properly addressed and postage prepaid, this 27th day of July, 2009:

Randall B. Gold, Esq.
Michael R. Fox, Esq.
Fox & Fox, SC
124 West Broadway
Monona (Madison), Wisconsin 53716

Michael R. Rachlis, Esq.
Rachlis Durham Duff & Adler, LLC
542 S. Dearborn Street, Suite 900
Chicago, Illinois 60605

*/s/ Carole G. Miller*
OF COUNSEL

01823974.4

# EXHIBIT A

# MAYNARD COOPER
# ▬▬▬▬▬ & GALE PC
### ATTORNEYS AT LAW

Carole G. Miller
Direct Dial: 205.254.1096
Email: cmiller@maynardcooper.com

June 23, 2009

<u>VIA FACSIMILE & U.S. MAIL</u>

Randall B. Gold, Esq.
Fox & Fox, S.C.
124 West Broadway
Monona (Madison), Wisconsin 53716

Re:    ***Steven Sicher v. Merrill Lynch, Pierce, Fenner & Smith Inc.***

Dear Mr. Gold:

We recently requested and received a copy of the EEOC's file in the above-referenced matter, pursuant to a FOIA request. One of the documents produced is attached. As you can see, it indicates that you represented to the EEOC that you told Adam Greenfield (attorney with Merrill Lynch's Office of General Counsel) that you were going to file an age discrimination suit on behalf of Duhig and that Mr. Sicher "was a witness and would provide an affidavit." You further represented to the EEOC (according to its notes) that you made this representation to Mr. Greenfield "during phone conversations that occurred two or three times late 7/08 or early 8/08."

Mr. Greenfield disputes that you made that statement to him (much less that you made those representations repeatedly over the course of many conversations) and if questioned about those conversations, will testify to the contrary. If you intend to testify in this proceeding (either affirmatively or in rebuttal to Mr. Greenfield's testimony), we will move to disqualify you as counsel. We have no objection to you serving as a fact witness, but we do object to you serving in the role of both attorney and witness. As you know, the law requires that counsel avoid appearing both as advocate and witness except under special circumstances. *See James v. Miller*, 1989 U.S. Dist. LEXIS 1543, *10 (N.D. Ill. 1989) (disqualifying plaintiff's attorney pursuant to ABA rule 5-102(b) in sexual harassment and infliction of emotional distress case where defendant established that it would call the plaintiff's attorney to testify about her client's emotional state); *Record Data, Inc. v. Schoolcraft, Jr.*, 1986 U.S. Dist. LEXIS 18991 (N.D. Ill. 1986) (disqualifying plaintiff's attorney where he was listed as a witness for plaintiff and his testimony went to the core of the issues in the dispute and third-party dispute relating to employer's breach of fiduciary duty claims); *Baker v. BP America, Inc.*, 768 F. Supp. 208, 214 (N.D. Ohio. 1991) (attorney disqualified because of his significant involvement in the events underlying the lawsuit and likelihood that attorney would be an important trial witness); *155 North High, Limited v. Cincinnati Ins. Co.*, 650 N.E.2d 869, 872-73 (1995) (finding attorney who testified to conversations and alleged acts of bad-faith claim handling by defendant insurance company should have been disqualified as his testimony was necessary to prove his client's claims).

Moreover, you are also subject to disqualification under ABA Rule 5-102(a), 5-102(b), as well as the *Illinois Code of Professional Responsibility*. See e.g. ABA Rule 5-102(a) ("If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious

June 23, 2009
Page 2

_____

that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, of any, shall not continue the representation in the trial..."); *Ill. Rules of Professional Conduct,* Rule 3.7 (a) ("[a] lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client").

      In fairness to you, we felt it was important to let you know our position sooner rather than later, so that you determine whether a change in counsel is appropriate at this early stage in the proceeding. To the extent you continue to represent Mr. Sicher, we will assume that you do not intend to offer testimony (live or via affidavit) in this proceeding.

                        With best regards,

                        Carole G. Miller

CGM/eo

cc:      Peter Cooper, Esq.

440-2008-08605
Steven Sicher Vs. Merrill Lynch

To: File
Fm MMC

Phone interview of CP (counsel, Gold, also present) 11/21/2008 1100

RETALIATION

What was the protected activity that you engaged in?  Cooperated and participated in an investigation into Daniel Duhig being discriminated against by R because of age.

Duhig Vs. Merril Lych was filed in 7/08 or 9/09 with EEOC

Cooperated before the charge was filed. Investigation was conducted by law firm of Fox and Fox.  Provided an affidavit to the law firm in 7/08 or 8/08. R became aware of the protected activity when his attorney, Randall B. Gold, informed R

**Randall Gold**: notified Adam Greenfield, R's in house counsel, that he was going to file an age discrimination suite regarding Dughig and that CP was a witness and would provide an affidavit. This was during phone conversations that occurred two or three times late 7/08 or early 8/08. Do not recall if any emails addressed this.

CP: Offer to pay post employment compensation and severance was withdrawn
When was it originally offered? June 2008 time frame. Offer was in the process of being finalized when it was withdrawn.
By whom?  Adam Greenfield, Office of General Counsel for R
Any record?  Verbally withdrawn to David Wechsler, Esq., Wechler & Cohen, 17 State St., 15th floor NY, NY 10004 (212) 847-7915 who was representing CP.
When was it withdrawn? 8/5 email to sent to Wechsler, from Greenfield, "effective immediately, R is withdrawing its offer of settlement to CP".

WITS: David Wechsler, Esq. (212) 847-7915
          Adam Greenfield, Office of General Counsel for Merrill Lynch (212) 670-0120

Randall Gold will provide copies of emails or other correspondence regarding the meetings with Adam Greenfield.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN SICHER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 1825 |
| | ) | |
| **MERRIL LYNCH & CO., INC.,** | ) | Judge Gottschall |
| | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S INITIAL RULE 26(a)(1) DISCLOSURES

Plaintiff, Steven Sicher, by his undersigned attorneys, submits the following

Initial Rule 26(a)(1) disclosures:

**(A) Individuals Likely to Have Discoverable Information**

1. Plaintiff, c/o FOX & FOX, S.C. – knowledge of all salient facts and issues in Complaint.

2. Daniel Duhig, c/o FOX & FOX, S.C. – knowledge of various facts and issues in Complaint, including circumstances of his hiring by Defendant; lost income and compensatory damage claims.

3. Various current/former employees of Defendant with knowledge of facts and circumstances concerning the terms of Plaintiff's employment and Defendant's severance/termination related compensation and related obligations:

    a. Bob McCann, c/o Defendant - knowledge of employment, termination, and/or related retaliation.

    b. Dan Sontag, c/o Defendant – same as above.

    c. Brett Bernard, current address unknown, – same as above.

    d. Lyle LaMothe, c/o Defendant – same as above.

    e. David Sontag, c/o Defendant – same as above.

    f. Robert Graham, c/o UBS Financial, Chicago, IL – same as above.

    g. Tim Cunnigham, c/o Defendant – same as above.

    h. Tom Lydon, c/o Defendant - same as above.

    i. Sherry Alexander, c/o Defendant – same as above.

    j. Nichole Bressanelli, 33 West Delaware Place, Chicago, IL 60610 – same as above, as well as Plaintiff's post employment anxiety and emotional distress.

    k. David Wechsler (Plaintiff's prior legal counsel), New York, NY - knowledge of communications relating to Plaintiff's protected activity, as alleged in the Complaint, and related retaliation.

    l. Adam Greenfield (Defendant's in-house legal counsel) c/o Defendant – knowledge of communications relating to Plaintiff's protected activity, as alleged in the Complaint, and related retaliation.

    m. Randall B. Gold (Plaintiff's counsel) c/o Fox & Fox, S.C.— knowledge of communications relating to Plaintiff's protected activity, as alleged in the Complaint, and related retaliation.

    n. Bob Max, UBS Financial, Southern CA – Plaintiff's post-employment anxiety and emotional distress.

4. Various other current and former employees as identified during discovery of this matter.

**(B) Description By Category of Documents, Data, Compilations and Tangible Things In Possession of Plaintiff and/or her counsel**

1. Plaintiff's personnel file as produced by Defendant; misc. related e mails, memoranda, job descriptions, performance reviews and other employment and post employment related correspondence, documents and communications between Plaintiff's counsel and Defendant.

2. Misc. income/damage related documentation.

**(C)** <u>Computation of Damages</u>

Plaintiff is seeking all available relief as authorized under the ADEA's anti-retaliation provision(s), including all related Damages, lost interest, statutory legal fees and costs. Also, as Defendant has yet to provide Plaintiff's counsel with termination/severance related information, including an accounting of Plaintiff's Director level deferred and other compensation, Plaintiff is unable to provide a detailed breakdown of such lost severance related compensation.

Based on information and belief, Plaintiff is seeking, *inter alia*, the following termination related compensation/benefits as described in his June, 2008 court- ordered settlement proposal:

    a.  Plaintiff's pro-rated 2007 Bonus;

    b.  Earned, deferred compensation for prior bonuses held in restricted stock;

    c.  Director level severance pay; and

    d.  $100,000 certificate payout.

**(D)**  <u>Insurance Coverage</u>

Plaintiff is not privy to and is unaware of any insurance policy that may relate to or cover the claims as set forth in the Complaint, but hereby requests that Defendant promptly provide a copy of any such policy.

Date:  June 22, 2009

                               /s/ Randall B. Gold

Randall B. Gold
Fox & Fox, S.C.
124 West Broadway
Monona, WI 53716
608-258-9588
rgoldlaw@aol.com

# EXHIBIT C



MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

Carole G. Miller
Direct Dial: 205.254.1096
Email: cmiller@maynardcooper.com

June 25, 2009

**VIA FACSIMILE & U.S. MAIL**

Randall B. Gold, Esq.
Fox & Fox, S.C.
124 West Broadway
Monona (Madison), Wisconsin 53716

Re: *Steven Sicher v. Merrill Lynch, Pierce, Fenner & Smith Inc.*

Dear Mr. Gold:

We are in receipt of your Rule 26 disclosures, which you forwarded late Tuesday and again yesterday (an updated version). Since you have clearly listed yourself as a witness with discoverable information in this proceeding, we would request that you and your firm withdraw as counsel for the reasons outlined in the letter sent to you Tuesday (attached hereto). Please let us know by the end of the next week (July 3) whether or not you intend to voluntarily withdraw as counsel or whether a motion is necessary.

We would also request that you preserve and maintain all documents and records you have that may relate to Mr. Sicher's claims for purposes of discovery.

With best regards,

Carole Miller

Carole G. Miller

CGM/eo
Enclosure

cc: Peter Cooper, Esq.

# EXHIBIT D



ATTORNEYS AT LAW
Michael R. Fox
Mary E. Kennelly
Richard F. Rice
James F. Miller
Randall B. Gold*
Peter J. Fox

* Also Admitted in Illinois

www.fox-law.com

Writer's E-mail
rgoldlaw@aol.com

July 3, 2009

VIA E MAIL: *cmiller@maynardcooper.com*
Attorney Carole G. Miller
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618

Re:     *Steven Sicher v. Merrill Lynch, Pierce, Fenner & Smith, Inc./No. 09 C 1825*

Dear Counsel:

This letter is being written in response to your correspondence to me of June 23rd and June 25th relating to your contention that both my law firm and me must be disqualified from representing Plaintiff, Mr. Sicher, in this case. For the reasons that follow, we disagree with your contention that my firm and I must withdraw from this case as Plaintiff's counsel.

Also, I would respectfully remind you that your client has failed (or simply refused) to respond to my client's June 1, 2009 settlement demand which was made in good faith and accord with the Court's standing Order which, obviously, also contemplates a good faith response in an effort to resolve the case without further court intervention. Please do so.

### Response to your Letter of June 25, 2009

First, your June 25th letter erroneously claims that Plaintiff's Rule 26(a)(1) disclosures identify me as a "witness" in this case. Clearly, I am not identified as a "witness." I (as well as numerous other individuals and attorneys), was accurately identified as a person with knowledge of various facts in the case, i.e. knowledge of communications relating to Plaintiff's protected activity, just as various other Merrill Lynch attorneys, current and former employees, representatives and others are so identified.

In addition, I have not, and do not, ever envision having to testify at trial in this matter simply because I, among others, may have some knowledge relating to certain aspects of Mr. Sicher's claims. As an experienced lawyer, I suspect you also know that it is not uncommon for attorneys to have pre-litigation communications involving an

exchange of certain salient information in an attempt to amicably resolve the dispute. This case is no different.

And even assuming, *arguendo,* that it was necessary that I cease my involvement in this case at some future point in the litigation for purposes of a trial, Illinois Rule of Professional Conduct 3.7(c) *expressly permits* my colleague, Michael Fox, to try the case (together with my local counsel, Michael Rachlis). Accordingly, your contention that my firm and I must immediately withdraw as counsel is simply wrong.

### Response to your Letter of June 23, 2009

When I initially undertook to represent Mr. Sicher in this matter, I had absolutely no reason to believe that Mr. Greenfield would threaten to commit perjury in this case if called to testify - as your June 23 letter seems to indicate - since you claim he will deny the substance of my July 25, 2008 telephone conversation with him about Mr. Duhig's supporting evidence (including Mr. Sicher's input) and damage claims.

In fact, the purpose of that telephone call (which call is easily verified by my cell phone records reflecting a lengthy call on 7/25/08 with Mr. Greenfield at 212-670-0120), was to openly discuss Mr. Duhig's claims, as outlined in Michael Fox's letter to Merrill Lynch dated June 24, 2008, for purpose of a potential resolution in lieu of EEOC proceedings and/or litigation. Mr. Sicher, who had already been cooperating with my firm and was in the process of preparing a supporting Affidavit, figured prominently was discussed in our conversation. Mr. Greenfield's apparent denial is, frankly, shameful.

Accordingly, any potential testimony by me would have clearly been permissible under Rule 3.7(a)(1) and (2) as such would have been relating to what should be an "uncontested matter" or a "matter of formality where no credible substantial evidence would be offered in opposition."

Mr. Greenfield's apparent denial of some (or maybe even all) of this conversation is something which for he will now need to be deposed and answer for at trial. Also, as you know, Mr. Sicher *did* execute a supporting Affidavit for Mr. Duhig on August 4th, which, in turn, was openly presented and discussed with Merrill Lynch representatives at Mr. Duhig's EEOC mediation on November 3, 2008.

It is therefore undeniable that at the mediation, which was attended not only by me but also by Attorney Mike Fox, Mr. Duhig, EEOC mediator Mary Manzo, Attorney Kevin Leblang, Merrill Lynch employee Tyrone Wheller, and Merrill Lynch Attorney Cathy So (Director of Merrill Lynch's employment law/litigation group), Mr. Sicher's support for Mr. Duhig's claims was not only openly discussed but Merrill Lynch's representatives were also shown a copy of his Affidavit.

Thus, there can be no real dispute that Merrill Lynch was also fully and formally apprised of Mr. Sicher's supporting role and Affidavit in the *Duhig* matter as of November 3, 2008, and Merrill Lynch's continuing refusal to pay him various employment severance benefits due and owing, despite my firm's demand letter on his behalf, constitutes an ongoing pattern of retaliation against him for which we are seeking relief in his lawsuit.

And any attempt by Merrill Lynch to try and disqualify me as Mr. Sicher's legal counsel by calling me as *its* trial witness will also fail. Illinois Rule of Professional Conduct 3.7 (b) clearly provides that even:

**If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may accept or continue the representation until the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.**

Accordingly, your firm can not disqualify me as Mr. Sicher's counsel simply by calling me as a trial witness unless my testimony would be prejudicial to Mr. Sicher (which we both know it would not be).

Again, to be clear, I *neither* envision nor see the need for me to testify at trial of this cause on behalf of my client.

Finally, before close of business on Monday, July 6th, I will be serving upon you (via e mail) Plaintiff's Rule 36 Requests for Admission. These Requests squarely address many of the contentions raised in your June 23rd letter. I believe that these Requests may eliminate or at least delineate the scope of this dispute.

Also, if you will not voluntarily refrain from filing your threatened motion, then we will fully advise the Court about the matter and request that your motion be stayed until such time as both your client has fully answered said Requests *and* the parties have had a full and fair opportunity to complete discovery.

If, after full discovery has been completed, it becomes clear that my testimony is absolutely required at trial, on behalf of Mr. Sicher, then at such time I will be more than willing to address your concerns in a responsible manner with the Court. If mandated, Mr. Fox and our firm's co-counsel will simply try this case. That scenario, however, seems remote - especially since we believe that one or more other witnesses can also establish Merrill Lynch's knowledge of Mr. Sicher's protected activity in the Duhig matter, at trial.

3

Your cooperation will be greatly appreciated.   Naturally please call if you would like to discuss any of these issues.

Sincerely,

FOX & FOX, S.C.

Randall B. Gold

RBG/klb

cc:     Steven Sicher
        Michael R. Fox, Esq.
        Michael R. Rachlis, Esq.

4

# EXHIBIT E

Carole G. Miller
Direct Dial: 205.254.1096
Email: cmiller@maynardcooper.com

# MAYNARD COOPER
## & GALE PC
### ATTORNEYS AT LAW

July 9, 2009

**VIA FACSIMILE & U.S. MAIL**

Randall B. Gold, Esq.
Fox & Fox, S.C.
124 West Broadway
Monona (Madison), Wisconsin 53716

    Re:   *Steven Sicher v. Merrill Lynch, Pierce, Fenner & Smith Inc.*

Dear Randy:

In your letter of July 3, you contend that despite identifying yourself as a witness (*i.e.*, someone with "discoverable" information) on Plaintiff's initial disclosures, you do not believe you are a necessary fact witness. In addition, if your testimony becomes necessary you believe you can address the issue by simply having your law partners try the case with you as their star witness.

As to your suggestion that your testimony is unnecessary, this position is undermined by the fact that you have listed yourself as an individual "likely" to have "discoverable" information on Plaintiff's Rule 26 disclosures. Specifically, you have listed yourself as having discoverable "knowledge of communications relating to Plaintiff's protected activity." Clearly, your client is relying on you to provide supporting evidence concerning Merrill Lynch's alleged knowledge of protected activity by Mr. Sicher. By Mr. Sicher's own admission (and your own indirect admission since you drafted the Rule 26 disclosures), you are clearly a witness with "discoverable" information in this proceeding. This disclosure alone is more than sufficient to prompt your withdrawal.

Alternatively, you argue that your testimony is unnecessary because the subject about which you may testify (*i.e.*, Merrill Lynch's alleged knowledge of protected activity by Mr. Sicher) is somehow "uncontested" or a "matter of formality." Again, Mr. Greenfield (in-house counsel for Merrill Lynch) will truthfully testify that you did <u>not</u> inform him of any protected activity by Mr. Sicher before Merrill Lynch's withdrawal of the settlement offer. In fact, when Mr. Sicher's name was mentioned in your conversation with Mr. Greenfield on or about July 25, 2008[1], you informed Mr. Greenfield that you had <u>not</u> spoken to Mr. Sicher with regard to Mr. Duhig's claims.[2] You seem to argue that because you believe Mr. Greenfield is not telling the

---

[1] The fact that you are even referencing your cell phone records further underscores the fact that you intend to offer evidence in this proceeding and that you are a fact witness.

[2] It is entirely unclear why your letter repeatedly references what allegedly occurred at the Duhig mediation, which took place months *after* the settlement offer was withdrawn (which is the challenged act in this proceeding). As you know, what occurred at that confidential mediation cannot be evidence in any proceeding. Regardless, even if this

Randall B. Gold, Esq.
July 9, 2009
Page 2

truth (which he is) about your discussions – the subject is somehow not really "contested." We made it very plain in our original letter, and we are reiterating again now -- Mr. Greenfield disputes any claim that you (or anyone else) informed him that Mr. Sicher had engaged in protected activity relating to Mr. Duhig prior to Merrill Lynch's withdrawal of the settlement offer. If you intend to offer any admissible evidence to the contrary, you must withdraw as counsel for the reasons outlined in our original letter. [3]

Finally, you argue that your testimony will not be necessary because there are other witnesses who can testify about Mr. Sicher's protected activity. The critical issue is what protected activity Merrill Lynch was *aware of* at the time the settlement offer was withdrawn. In his Complaint, Mr. Sicher alleges: "Defendant was also aware of Plaintiff's cooperation, support and participation in the Duhig investigation." Complaint ¶ 9. It is clear from Plaintiff's Rule 26 disclosures, and the 22 Requests for Admission we just received, that you are relying on your conversations with Mr. Greenfield to support this allegation. Even if there are other witnesses you intend to use for this purpose (although you still have not identified any), you are clearly a potential witness on this subject. As a result, you must withdraw. *See e.g. Mason and Dixon Lines, Inc. v. Glover,* 1989 U.S. Dist. LEXIS 12693, *1 (N.D. Ill.) (disqualifying plaintiff's counsel in claim premised on an oral contract for settlement of another case where plaintiffs' counsel was present at the settlement and meeting, defendant's denied a settlement was reached, and plaintiff's counsel was likely to be a witness); *Jones v. City of Chicago,* 610 F.Supp. 350, 357 (N.D. Ill. 1984) (disqualifying plaintiff's counsel whose testimony was crucial to advance completely and zealously plaintiff's claims for false arrest, false imprisonment, malicious prosecution, denial of due process and conspiracy and necessary to rebut the testimony of defense witnesses); *see also Evergreen Marine Corp. v. Division Sales, Inc.,* 2003 U.S. Dist. LEXIS 3425, *9 (N.D. Ill. 2003) ("Under the American Bar Association's Model Rules of Professional Conduct ('MRPC'), if a lawyer is 'likely to be a necessary witness' in an action, that lawyer cannot also act as advocate...").

Further, when you do withdraw, it is entirely inappropriate for your law partners to continue to litigate the matter with you as a witness. The reasons for that are obvious. If your law firm continues to represent Plaintiff, you will continue to have a vested monetary interest in the outcome of the proceeding. For these and other obvious reasons, courts have routinely held that if a lawyer is disqualified as counsel, the members of the lawyer's firm are likewise disqualified. *See Jones,* 610 F. Supp. at 360 ("Courts have simply recognized to the extent the client's case is proffered through the advocate-attorney's partner or associate, the advocate partner must indelicately argue their partner's credibility...Moreover, the testifying lawyer's credibility is still impaired since the opposing side can argue that the testifying lawyer still

---

evidence was admissible, the mediation occurred months after the settlement offer was withdrawn in early August 2008.

[3] Nor do the Requests for Admission you served yesterday impact this outcome. While we will formally respond to these requests within the requisite 30 days, please note that Merrill Lynch denies Requests for Admission numbers 7 and 8 (which go to the heart of the instant issue). The fact that your conversations with Mr. Greenfield are significant enough to generate 22 Requests for Admission speaks volumes about whether this issue is material to the dispute.



MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

Randall B. Gold, Esq.
July 9, 2009
Page 3

---

maintains a stake in the litigation."); *Mason and Dixon*, 1989 U.S. Dist. LEXIS 12693 at *3 ("Since it is obvious an attorney for Simpson & Moran ought to be a witness, all members of that firm are disqualified."); *Liess v. General Elec. Co.*, 659 F.Supp 979 (N.D. Ill. 1987) (disqualifying plaintiff's counsel and its firm where defense counsel intended to call counsel as a witness) (citations omitted); *see also Baker v. BP America, Inc.*, 786 F.Supp. 208, *214 (N.D. Ohio 1991) (in securities fraud case, court disqualified counsel and his firm where counsel was significantly involved in the events underling the lawsuit and counsel was likely an important witness for several of the parties); *Hamrick v. Union Township*, 81 F.Supp.2d 876, *879 (S.D. Ohio 2000) (granting motion to disqualify counsel and his firm where it was likely counsel would be called as a witness to contradict expected testimony).

Because it is fundamentally unfair (and disfavored by the courts) for you to wait until the eve of trial to determine whether or not your testimony is necessary (which your letter suggests is your plan), we will file an appropriate motion if you and your firm do not voluntarily withdraw as counsel by the end of this week.

Redacted-Confidential Settlement Discussions

With best regards,

Carole G. Miller

cc:     Peter Cooper, Esq.

