IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN SICHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 09 C 1825 |
| ) | Judge Gottschall |
| MERRILL LYNCH & CO., INC., ) | Magistrate Judge Mason |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISQUALIFY RANDALL B. GOLD, ESQUIRE AND THE FIRM OF FOX & FOX**

COMES NOW Defendant Merrill Lynch Pierce Fenner & Smith Inc. ("Merrill Lynch" or "Defendant") and hereby submits its reply in support of its Motion to Disqualify Randall B. Gold, Esq. ("Mr. Gold") and his law firm, Fox & Fox.

## INTRODUCTION

There are three issues before this Court:

1. Can Mr. Gold serve as both a witness and advocate at trial?

2. If not, can Mr. Gold continue to represent Plaintiff up until trial?

3. Can other members of the Fox & Fox firm continue to represent Plaintiff following Mr. Gold's disqualification?

For the reasons outlined herein, all of these questions are answered in the negative.

In opposition to Defendant's motion, Plaintiff's sole argument appears to be that the Northern District of Illinois Local Rules of Professional Conduct (hereafter "Local Rules" or "LR") apply to the exclusion of all other rules and case authority, and that these rules somehow dictate a denial of Defendant's motion. Plaintiff is simply incorrect. As demonstrated herein, the advocate-witness standards for disqualification under Local Rule 83.53.7 are virtually

identical to those set forth in the Illinois Rules of Professional Conduct ("Illinois Rules" or "state rules") and the ABA Model Rules of Professional Conduct ("ABA Model Rules"), after which the Local Rules were patterned.[1] Under all applicable rules (including the Local Rules), as well as countless decisions rendered by Courts inside and outside of the Northern District, Plaintiff should clearly be disqualified from serving in a dual role as witness and trial advocate. The "advocate-witness" rule, regardless of where it is codified, represents a bedrock legal principle. Moreover, Mr. Gold's designation of himself as a witness on Plaintiff's Rule 26 disclosures is sufficient to establish that he "may be called as a witness [at trial] on behalf of [his] client." LR 83.53.7(a).

Because there can be no legitimate dispute about whether Mr. Gold can serve as trial counsel in this matter (he clearly cannot), the only genuine issue before this Court is *when* such disqualification should be triggered, and whether other members of the Fox & Fox firm can continue to represent Plaintiff following Mr. Gold's disqualification. For the reasons outlined herein and in Defendant's original motion, Mr. Gold should be disqualified prior to trial (and certainly by the deposition stage of this proceeding) along with his law firm, Fox & Fox.

## LEGAL ANALYSIS

A.     **There Can Be No Genuine Dispute That Mr. Gold "May" be Called on Behalf of His Client at Trial and He Should Therefore Be Disqualified Under Any and All Applicable Rules.**

In his Complaint, Plaintiff alleges that Defendant became aware of his alleged protected activity when Mr. Gold, his attorney, informed Mr. Greenfield, in-house counsel for Merrill

---

[1] *See Arnold v. Janssen Pharmaceutica, Inc.*, 2006 U.S. Dist. LEXIS 23321, *16 (N.D. Ill. 2006) ("The United States District Court for the Northern District of Illinois has adopted local *rules 83.50.1 through 83.58.9* as its Rules of Professional Conduct ('Local Rules'). These rules are patterned after the 1983 version of the American Bar Association Model Rules of Professional Conduct ('Model Rules')"); *Tokh v. Water Tower Court Homeowners Assoc.*, 2006 U.S. Dist. LEXIS 38754, *10 (N.D. Ill. 2006) (same).

Lynch, of the same. Complaint at ¶¶ 9-10. Mr. Gold also identified himself to the EEOC as the person who put Merrill Lynch on notice of alleged protected activity by Plaintiff. See Attachment to Exhibit A to Defendant's Motion. It is clear from Defendant's Answer, correspondence from Defendant's counsel and Defendant's recent responses to Plaintiff's Requests for Admission that there will be a dispute as to whether Mr. Gold put Mr. Greenfield on notice of protected activity by Plaintiff before the settlement offer was withdrawn (the alleged retaliatory act at issue).

In addition to Plaintiff's Complaint, which reflects Plaintiff's intent to rely on his lawyer (and possibly other members of his firm) as witnesses, Plaintiff has also listed his attorney, Mr. Gold, as a witness on his Rule 26 Disclosures. By definition, this made Mr. Gold a witness with "discoverable" information and a witness Plaintiff "may use to support [his] claims or defenses" See Fed. R. Civ. P. 26(a) and Ex. B to Defendant's Motion.

Under Local Rule 83.53.7, whether Mr. Gold should be allowed to continue as counsel in the case "depends on who calls him as a witness." *See Mercury Vapor Processing Tech., Inc. v. Village of Riverdale*, 545 F.Supp.2d 783 (N.D. Ill. 2008) (citing Local Rule 83.53.7(a), (b)). Local rule 83.53.7(a) applies when the lawyer "may be called as a witness <u>on behalf of the client</u>," while 83.53.7(b) applies if the lawyer "may be called as a witness <u>other than on behalf of the client</u>." *See also Portman v. Andrews,* 2005 U.S. Dist. LEXIS 23613 (N.D. Ill. 2005) (noting that LR 83.537(b) applies when an attorney is called to testify by opposing counsel).

Subsection "b" of this rule (LR 83.53.7(b)) has no application here as Defendant has consistently taken the position that it does not intend to call Mr. Gold as a witness (nor did it list

3

Mr. Gold as a witness in its disclosures).[2] Accordingly, the only issue is whether Mr. Gold may testify on behalf of his client as governed by section "a" of LR 83.53.7.

Plaintiff makes much to do about the fact that Defendant did not cite to Local Rule 83.53.7 in its Motion. Plaintiff is correct that Defendant did not cite to the local rule. Nor did Plaintiff's counsel cite to this rule (or any local rule) in his letters or emails exchanges with counsel in which he argued the disqualification issue. See Ex. D to Defendant's Motion and Ex. A to Plaintiff's Opposition. Plaintiff's emphasis on this omission is a red-herring. The result is the same regardless of whether the Court applies the local, Illinois or ABA Model rules. The applicable standards (as well as the purpose) for disqualification are virtually identical under both the Local Rules and Illinois Rules of Professional Conduct in these circumstances (*i.e.*, disqualification is appropriate if the "lawyer knows or reasonably should know that the lawyer may be called as a witness [therein][3] on behalf of the client"). In fact, the Local Rule appears to apply a *lower threshold* for disqualification than the ABA Model Rules (cited by Defendant in its motion) in determining whether a lawyer must be disqualified. In contrast to the ABA Model Rules (which requires disqualification when a lawyer is "likely" to be a "necessary" witness), the local rules dictates disqualification if the lawyer "may be called as a witness." LR 83.53.7(a). Not only is the disqualification standard virtually identical, the principles underlying all of these

---

[2] In fact, Defendant tried to avoid filing this motion by asking if Mr. Gold would agree not to offer testimony or evidence in this proceeding. Mr. Gold refused to so stipulate. As a result, Defendant filed the instant motion (which it had an obligation to do promptly after it became aware of facts that would warrant disqualification.). *See e.g., Kafka v. Truck Ins. Exch.,* 19 F.3d 383, 386 (7th Cir. 1994)("A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion.").

[3] The language quoted is identical as between the Illinois and Local rules except that the Local Rules added the word "therein".

01858363.1

rules are the same.[4] This may be why Courts in the Northern District have continued to cite to the Illinois and ABA Rules and have relied upon decisions in which the Illinois Rules were applied.[5] Accordingly, the fact that Defendant's did not specifically discuss the local lawyer-as-a-witness rule (which mirrors both rules discussed in Defendant's Motion) is inconsequential and does not change the Court's analysis with respect to disqualifying Mr. Gold.

Local Rule 83.53.7(a) clearly states: "A lawyer **shall not** act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer **may be called** **as a witness therein on behalf of the client. . .**" (emphasis added). The rule goes on to provide four discrete exceptions to this rule, none of which apply here.[6] See Defendant's Motion, p. 7-11 and Plaintiff's lack of argument to the contrary.

Here, there can be no serious dispute over whether Mr. Gold "knows or reasonably should know that [he] *may* be called as a witness therein on behalf of his client." LR 83.53.7(a) (emphasis added). He has clearly met this threshold for disqualification. It is because he "may"

---

[4] As the court in *Neumann v. Wright,* stated "whenever an attorney appears in such a dual capacity, the danger exits that the trier of fact may confuse the attorney's role in the proceeding, mistaking the attorney's arguments for testimony, and her testimony as mere argument." 1993 U.S. Dist. LEXIS 13549, *3-4, n. 2 (N.D. Ill.) (holding "only under rare circumstances should an attorney appear as both advocate and witness") citing *States v. Morris,* 714 F.2d 669, 671 (7th Cir. 1983); *see also James v. Miller,* 1989 U.S. Dist. LEXIS 1543, *1 (N.D. Ill. 1989) ("The general rule '[t]hat counsel should avoid appearing both as advocate and witness except under special circumstances is beyond question.").

[5] *See Dearborn Financial Services Corp. v. Heath,* 1999 U.S. Dist. LEXIS 17224, *12-14 (N.D. Ill. 1999) (relying in part, on the Illinois Code of Professional Responsibility, and disqualifying counsel whose testimony was "without a doubt" relevant to the litigation); *see also Mercury Vapor,* 545 F.Supp.2d at *790, n.3 (N.D. Ill. 2008) (in cautioning counsel about his ethical obligations under the advocate-witness rule, the court cited to the local rules as well as Rule 3.7 of the Illinois Rules of Professional Conduct); *Bogosian v. Bd. of Education of Community Unit School Dist.,* 95 F.Supp.2d 874, *876 (N.D. Ill. 2000) (holding under Illinois Rule of Professional Conduct 3.7 that if the plaintiff determines that his counsel will testify to alleged oral agreements, he will not be able to represent him at trial).

[6] Specifically, a lawyer can serve as both a witness and advocate when the testimony relates to: an "uncontested matter," a "matter of formality" to which the lawyer reasonably believes there would be no substantial evidence offered in opposition, the value of legal services, or if refusal to act as advocate would work a substantial hardship on the client None of the exceptions apply, nor does Plaintiff present argument or evidence in support of any of these exceptions.

(and more likely will) be called to testify for Plaintiff that he refused to stipulate otherwise, and why he affirmatively listed himself as a witness "with discoverable information" for Plaintiff in discovery. See Exhibit B to Defendant's Motion. In fact, witnesses listed on Plaintiff's disclosures are – by definition – individuals who "may" be called to support Plaintiff's claims. See Fed. R. Civ. Pro. 26(a). Plaintiff's disclosures alone satisfy the standards for disqualification under the Local Rule.

Mr. Gold's insistence that he "may not" ultimately testify for Plaintiff is irrelevant. The issue is whether he is a potential witness who "may" testify– which clearly he is. In addition, even if Mr. Gold does not ultimately testify on behalf of Plaintiff, his cross examination of Mr. Greenfield regarding their conversation could create an "unsworn witness" problem that would unfairly prejudice Defendant. See *Mercury Vapor,* 545 F.Supp.2d at *790 ("Even if Blazer does not testify as a witness at trial, his cross-examination of Kelly regarding their conversation could create an 'unsworn witness' problem, whereby the trier of fact might confuse Blazer's summation and argument as his own version of their conversations, without Blazer having been sworn as a witness and subjected to cross-examination."); *Thomas Steel Corp. v. Ameri-Forge Corp.,* 1991 WL 280086, at *2 (N.D. Ill. 1991)("The 'attorney as witness' problem arises not only when an attorney testifies, but also when an attorney puts his own credibility at issue by questioning the witness about alleged conversations between that witness and himself."); *Steadfast Ins. Co. v. Auto Marketing Network, Inc.,* 2004 WL 783356, *7 (N.D. Ill. 2004)("The problem posed by unsworn witness acting as an attorney would come to the forefront when the attorney and witness have differing views or recollections of certain events, thereby causing it to become necessary for the attorney to be called as a witness to clarify which version of the facts are true or for the attorney to inject his own credibility into the case to persuade the jury.").

For all of these reasons, Mr. Gold should clearly be disqualified from serving as trial counsel in this matter. *See Flodine v. State Farm Ins. Co.*, 2003 U.S. Dist. LEXIS 4006, *39 (N.D. Ill. 2003) ("To be clear, Mr. Muller will not be permitted to both act as NAA's counsel and take the stand as a witness supporting the reasonableness of the settlement. At the next status date, NAA shall inform the Court of which option it intends to pursue."); *Wells v. Berger, Newmark & Fenchel, P.C.,* 2008 U.S. Dist. LEXIS 21608, *25 (N.D. Ill. 2008) (holding under the local rules that counsel was prohibited from testifying on behalf of his client and acting as trial counsel at the same time).

### B. Nor Should Mr. Gold Be Permitted to Litigate This Matter Up Until Trial in These Circumstances.

Having clearly established that Mr. Gold "may be called" as a witness for Plaintiff and that he should be disqualified from serving as an advocate at trial, the issue turns to *when* such disqualification should occur.

Plaintiff suggests that based on LR 83.53.7(c), Mr. Gold can continue to serve as his advocate up until trial. Under the very rule that he cites, however, an advocate-witness is disqualified not only from trial but also from serving as an advocate in any "evidentiary proceeding." See Local Rule 83.53.7(a). In fact, the Local Rules added the words "or evidentiary proceeding" to the ABA Model Rule, which references only disqualification from trial.

Because depositions are "evidentiary proceedings," Mr. Gold "shall not act as an advocate" in that phase of the litigation. See LR 83.53.7(a) Even if depositions are construed to be something other than an "evidentiary proceeding" under this rule, Mr. Gold should be disqualified from handling this phase of the litigation in the circumstances of this case. If Mr. Gold is permitted to depose Mr. Greenfield about their conversation (which is arguably the only

relevant non-privileged information he could solicit from Greenfield), the same "unsworn witness" issues (discussed above) would be created. If portions of the deposition are later introduced at trial, this would have the same effect as if Mr. Gold were questioning Mr. Greenfield about their conversations before the jury (which would clearly be unfairly prejudicial to Defendants).[7] *See e.g. Williams v. Borden Chemical, Inc.*, 501 F.Supp.2d 1219, *1223, n. 5 (S.D. Iowa 2007) (holding it was appropriate to disqualify counsel from conducting or appearing at depositions since depositions may be offered into evidence at trial and if counsel is the one taking the depositions, or appears at the deposition to defend or for some other purposes, there is a risk that the offer of the deposition at trial would reveal counsel's dual role to the factfinder, thus implicating the concern over factfinder confusion at the heart of the advocate-witness rule); *see also General Mill Supply Co. v. SCA Services, Inc*, 697 F.2d 704, 716 (6th Cir. 1982) (affirming disqualification of testifying attorney from trial of case and depositions and noting that a "trial" is connected "as a seamless web to the ascertainment of issues at the pretrial proceedings and particularly to discovery depositions."); *Hyatte v. Winnebago Cty Recorder,* 2003 U.S. Dist. LEXIS 1992, *3 (N.D. Ill. 2003) (holding attorney disqualified pursuant to LR 83.53.7 and that he could only work on the case in a "non-advocate" role).

For all of these reasons Mr. Gold should not be permitted to serve as an advocate beyond the initial stages of this proceeding and certainly not during depositions or other evidentiary proceedings.

---

[7] In addition, the longer Mr. Gold remains in the proceeding the more he undermines his own credibility and thus, his client's case. The more time and fees Mr. Gold has invested in this case, the greater the bias argument that Defendant can (and should) advance with regard to his testimony.

8

01858363.1

### C. The Court Should Decide The Disqualification Issue Now, Regardless of When The Disqualification Becomes Effective.

Regardless of when the Court determines that disqualification should be imposed (at the deposition or trial stage), there are sound policy reasons to decide this issue now rather than on the eve of trial as suggested by Plaintiff. See Defendant's Motion at pp. 11-12. See *Mason and Dixon Lines, Inc. v. Glover,* 1989 U.S. Dist. LEXIS 12693, *7 (N.D. Ill. 1989) (noting that disqualification determination made on the eve of trial would be "disruptive"); *Freeman v Viccharelli,* 827 F.Supp. 300, 303 (D.N.J. 1993) ("Early application of the attorney-witness rule is necessary for the smooth operation of adversarial adjudication"). It is for these reasons (and others) that parties are urged to pursue disqualification motions early in a proceeding. See *Liess v. Gen. Elec. Co.,* 659 F.Supp. 979, 984 (N.D. Ill. 1987) (finding that plaintiff did not suffer undue hardship from disqualification because "Defendants did not wait until the eve of trial to raise the ethical difficulty . . . but instead filed their motion to disqualify at an early stage of this litigation, soon after the basis for the motion became apparent."); *see also Libbey-Owens-Ford Co. v. Martin,* 1996 Ohio App. LEXIS 3930, *23 (1996) ("[C]ourts encourage litigants to move to disqualify as soon as they recognize ethical conflicts; this practice discourages strategic procedural behavior and mitigates the amount of time and money spent before applying ethical rules of conduct...*Early application of the attorney witness rule is necessary for the smooth operation of adversarial adjudication.*") *citing Freeman,* 827 F.Supp. 300 at 303-04 ("a party may inadvertently waive the right to move for disqualification if that party fails to move in a timely manner); *Sisley v. Lupo,* 2002 Wash. App. LEXIS 2632, *10 (2002) (noting that the defendant engaged in improper litigation tactics when it waited until the eve of trial to file its motion to disqualify plaintiff's counsel).

### D. The Five Other Members of Mr. Gold's Firm Should Also Be Disqualified in These Circumstances.

Assuming Mr. Gold is disqualified from continuing to serve as advocate for his client, his firm should likewise be disqualified.

Plaintiff argues that in the event of disqualification other members of the Fox & Fox firm should be able to represent him in Mr. Gold's stead. He relies on the local rule which states as a general proposition that another lawyer in the same firm with a disqualified lawyer can continue to act as an advocate on behalf of the client. See LR 83.53.7(c). The unique circumstances of this case, however, clearly dictate a different outcome.

Mr. Gold's firm consists of only five other attorneys (six total). As a result, Mr. Gold will retain a significant personal and financial stake in the outcome of the proceeding whether he serves as trial counsel or one of his five partners do so. Furthermore, other members of Mr. Gold's small firm were clearly involved in the underlying facts at issue. Plaintiff's alleged "protected activity" (upon which he is basing his single retaliation claim) is his alleged assistance and cooperation with the Fox "firm" in their internal "investigation" of another client's claims of age discrimination (Mr. Duhig's claims). See Ex. A to Pl. Opposition, at p. 2. Clearly since the same firm is representing Mr. Duhig, other members of the firm have information as to whether Mr. Sicher actually engaged in this alleged "protected activity", *i.e.*, whether Plaintiff provided assistance in their firm's internal investigation or not. They will also have information on *when* such assistance was provided by Plaintiff, and whether or not it occurred prior to the challenged adverse action (*i.e.*, withdrawal of the settlement). Moreover, the purpose of the telephone call between Mr. Fox and Mr. Greenfield (the call in which Plaintiff contends Mr. Gold put Merrill

10

Lynch on notice of his alleged protected activity) was to discuss the letter sent by Michael Fox[8] (Mr. Gold's partner) to Merrill Lynch about Mr. Duhig.

The fact that the entire firm of Fox & Fox is intertwined in the facts of this case is evident from Mr. Gold's own letter to counsel (which he filed with this Court as Ex. A to his Reply Brief). In that letter he represents:

> In fact, the purpose of that telephone call (which call is easily verified by **my cell phone records** reflecting a lengthy call on 7/25/08 with Mr. Greenfield at 212-670-0120), **was to openly discuss Mr. Duhig's claims, as outlined in Michael Fox's letter to Merrill Lynch** dated June 24, 2008, for purpose of a potential resolution in lieu of EEOC proceedings and/or litigation. Mr. Sicher, who had already been **cooperating with my firm and was in the process of preparing a supporting Affidavit**, figured prominently **was discussed** in our conversation.

Ex. A to Pl. Oppos. at p. 2 (emphasis added). A few paragraphs later, Mr. Gold also points to information purportedly shared with Merrill Lynch at a mediation "attended not only by me but also by Attorney Mike Fox" as evidence in support of Plaintiff's claim.[9] *Id*.

Courts certainly consider factors such as these while exercising their broad discretion relating to disqualification issues.[10] *See Mercury Vapor*, 545 F.Supp.2d at *790 (N.D. Ill. 2008)(acknowledging the general rule under LR 83.51.7 provides that other members of the firm can continue with the representation but requiring other counsel be retained and noting "the issue is complicated here, however, because other members of Jeep & Blazer were also involved in the events underlying this litigation."); *See also Evergreen Marine Corp. v. Division Sales, Inc.*, 2003 U.S. Dist. LEXIS 3425 (N.D. Ill 2003)("As a result, any lawyer who is a necessary witness

---

[8] Presumably the other "Fox" in the Fox & Fox firm is related to Michael Fox.

[9] Obviously, communications made during the course of a mediation are improper evidence Plaintiff nonetheless intends to try to use such evidence in this proceeding.

[10] "A district court has broad discretion in determining whether disqualification is required in a given case." *Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*, 777 F.Supp. 690, *694 (C.D.Ill. 1991)"); *see also Hamrick v. Union Township Ohio*, 81 F.Supp.2d 876, *878 (S.D. Ohio 2000) ("The power to disqualify an attorney from a case is 'incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession'") (citations omitted).

will be subject to disqualification. For that matter, the witness-lawyer's firm may also be disqualified, depending on the circumstances.") *citing* ABA Model Rules of Professional Conduct 3.7 and *Jones v. City of Chicago*, 610 F.Supp. 350, 359 (N.D. Ill. 1984).

*Jones v. City of Chicago*, 610 F.Supp. 350 (N.D. Ill. 1984) is instructive on this issue. In *Jones,* the Court held that permitting the members of the testifying attorney's firm to act as advocates in the same lawsuit was not proper under the circumstances of the case <u>despite the fact that under the Model Rules governing the case disqualification of an attorney did not require disqualification of the entire firm</u>. 610 F.Supp. at *359-360. The Court aptly recognized that the same reasons which support disqualification of the testifying attorney also support disqualification of the testifying attorney's entire firm. *Id.* First, the Court noted that the advocate partner must indelicately argue their partner's credibility. *Id.* The same is true here. The *Jones* Court also noted that "the testifying lawyer's credibility is still impaired since the opposing side can argue that the testifying lawyer still maintains a stake in the litigation." *Id.* (noting the jury may discount the attorney's testimony because he will share in any fees which his partners may earn in the case). Plaintiff cannot dispute that if any of the five other members of his firm remain as trial counsel, he will continue to have a substantial monetary stake in the outcome of the case.

> Additionally, the *Jones* Court noted that:
>
> "the ultimate and continuing justification for the advocate witness rule, preservation of the integrity of the judicial process, requires disqualification of Schmeidel and his firm from the trial of this case. The cases and commentators have continually recognized that the major purpose behind the advocate-witness rule is to avoid confusion between the role of the advocate and the role of the witness...The advocate's function is to advance or argue the cause of another, while that of a witness is to state facts objectively."

12

*Id.* at *362. Local Rule 83.53.7 is based on these same principles. In fact, the Official Comment to the Local Rules states:

> "Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client. The <u>opposing party has proper objection where the combination of roles may prejudice the party's rights in the litigation</u>. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of proof."

*See* Local Rule 83.53.7 Official Comment (emphasis added). For these reasons, the firm of Fox & Fox should likewise be disqualified in these circumstances.

### III. CONCLUSION

For the reasons set forth above, and in its original Motion, Defendant respectfully requests this Court disqualify Randall B. Gold, Esq. and his firm, Fox & Fox as Plaintiff's counsel in this proceeding.

Respectfully submitted,

/s/ *Carole G. Miller*
Carole G. Miller
Audrey Y. Dupont
Attorneys for Defendant
Merrill Lynch, Pierce, Fenner & Smith Incorporated

OF COUNSEL:
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

Peter E. Cooper, Esq.
Lawrence, Kamin, Saunders & Uhlenhop, LLC
300 South Wacker Drive
Suite 500
Chicago, Illinois 60606

13

01858363.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following on this 24th day of September, 2009:

>Randall B. Gold, Esq.
>Michael R. Fox, Esq.
>Fox & Fox, SC
>124 West Broadway
>Monona (Madison), Wisconsin 53716
>
>Michael R. Rachlis, Esq.
>Rachlis Durham Duff & Adler, LLC
>542 S. Dearborn Street, Suite 900
>Chicago, Illinois 60605

>>*/s/ Carole G. Miller*
>>OF COUNSEL