UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN SICHER, | ) | |
| | ) | No. 09 C 1825 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| MERRILL LYNCH & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Merrill Lynch Pierce Fenner & Smith ("Merrill Lynch")[1] moves to disqualify Randall B. Gold, Esq. ("Gold") and his law firm, Fox & Fox, from representing plaintiff Steven Sicher ("Sicher") in this action. Three issues are before the court: first, whether Gold can serve as counsel for the trial and other evidentiary proceedings in this action; second, whether Gold will be able to serve as counsel prior to trial; and third, whether another attorney from Fox & Fox can appropriately serve as counsel for Sicher. The court grants the motion to disqualify Gold from the trial, and otherwise denies the motion, but urges Sicher to consider enlisting separate counsel for the reasons stated herein.[2]

**I.    BACKGROUND**

In his Complaint, Sicher alleges that Merrill Lynch offered to settle Sicher's threatened legal action arising from Merrill Lynch's termination of his employment. According to the Complaint, Merrill Lynch retracted that offer because Sicher allegedly assisted Gold, his attorney

---

1    Merrill Lynch is incorrectly identified as Merrill Lynch & Co., Inc. in the Complaint.
2    The court notes that three attorneys who do not appear to be affiliated with Fox & Fox or Gold have filed appearances on Sicher's behalf in this action. (*See* Docs. Nos. 4-6.)

here, in preparing an EEOC claim on behalf of another Merrill Lynch employee against Merrill Lynch. (*See* Compl. ¶¶ 9-10.) Merrill Lynch, through its in-house counsel Adam Greenfield, allegedly learned of Sicher's role in the preparation of his former colleague's EEOC claim from Gold, Sicher's attorney.

In this case, Sicher attempts to state a cause of action arising from that abandoned settlement. Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Gold, on behalf of Sicher, submitted a list of potential witnesses and individuals to Merrill Lynch with discoverable information. Among the persons with discoverable information, Gold listed himself, presumably under the theory that Gold was the person who put Merrill Lynch on notice that Sicher was helping prepare the EEOC claim. (*See* Mot. Ex. B ¶ A.3.m.) After receiving Sicher's disclosures, Merrill Lynch requested that Gold and his law firm withdraw from representation of Sicher in the instant case, due to ethical concerns. Gold has refused to do so, and Merrill Lynch filed a motion to disqualify Gold as well as Fox & Fox from the case.

## II. LEGAL STANDARD

This court evaluates ethical issues pursuant to the Local Rules of Professional Conduct adopted by the Northern District of Illinois. *See Burrow v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 00 C 3648, 2002 WL 924857, at *2 (N.D. Ill. May 6, 2002); *see also* L.R. 83.50.1. The relevant rule states as follows:

> (a) A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify: (1) if the testimony will relate to an uncontested matter; (2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony; (3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or (4) as to any other

matter, if refusal to act as an advocate would work a substantial hardship on the client.

(b) If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.

(c) Except as prohibited by LR83.51.7 or LR83.51.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness, and nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation.

N.D. Ill. L.R. 83.53.7.

### III. ANALYSIS

Judicial opinions and the Local Rules of Professional Conduct alike recognize that motions for disqualification "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982); L.R. 83.51.7 cmt. Ultimately, however, "the district court possesses broad discretion in determining whether disqualification is required in a particular case. . . ." *Whiting Corp. v. White Mach. Corp.*, 567 F.2d 713, 715 (7th Cir. 1977) (internal citation and quotation marks omitted).

Witnesses and advocates serve markedly different roles in the courtroom, with the former required to testify on the basis of personal knowledge, and the latter tasked to explain and argue on behalf of one party. L.R. 83.53.7 cmt. A person who seeks to fill both roles may not be a fully objective witness, may give an appearance of unfairness, and may confuse the trier of fact about the distinction between the two roles. *See United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983); *see also United States v. Ewing*, 979 F.2d 1234, 1236 (7th Cir. 1992). Worse still, a lawyer-witness, given his partiality as an advocate, may actually cause the jury to skeptically disregard the facts to which he avers as a witness. *Morris*, 714 F.2d at 671.

### A. Gold

Here, Gold listed himself as a witness with discoverable information, and is in possession of information about which he may testify during trial. Gold's testimony regarding the conversation between himself and Greenfield is contested and crucial to Sicher's case, at the very least to rebut testimony from Merrill Lynch's in-house counsel and provide the best evidence for Sicher. *See Jones v. City of Chi.*, 610 F. Supp. 350, 358 (N.D. Ill. 1984). Gold not only reasonably *should* know that he may be called as a witness at trial; he *does* know as much, as evidenced by his disclosures on behalf of Sicher. Therefore, Local Rule 83.53.7(a) clearly bars Gold from representing Sicher at any trial or evidentiary proceeding in this matter.

Moreover, the exceptions to the lawyer-witness rule as promulgated locally do not apply to Gold in this case. *See* L.R. 83.53.7(a). His testimony relates specifically to a key, contested matter (and not an uncontested matter or formality), namely, whether Merrill Lynch had knowledge of Sicher's assistance in Gold's preparation of the EEOC claim when it withdrew its settlement offer. Gold's disqualification as Sicher's advocate would not work a substantial hardship upon Sicher, on whose behalf several other attorneys have already appeared (and, as discussed within, on whose behalf the other attorneys of Fox & Fox could appear). Finally, his examination of Greenfield "regarding their conversations could create an 'unsworn witness' problem, whereby the trier of fact might confuse [Gold]'s summation and argument as his own version of their conversations, without [Gold] having been sworn as a witness and subjected to cross-examination." *Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 790 (N.D. Ill. 2008). While Sicher has an interest in selecting his own attorney, the potential for Gold's bias as a witness and the impairment of his ability to zealously advocate for Sicher, the prejudice to the trier of fact of such a dual role, and the ready availability of

alternate counsel outweigh that interest. Accordingly, the court disqualifies Gold from participating in the trial and other evidentiary proceedings in this matter. *See* L.R. 83.53.7(a).

However, Gold need not be disqualified from all phases of the litigation. Local Rule 83.53.7(c) bars an attorney-witness from representing clients at trial and in evidentiary proceedings but also specifically notes, "[N]othing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation." *See* L.R. 83.53.7(c); *see In re Thomas Consol. Indus., Inc.*, 289 B.R. 647, 653-54 (N.D. Ill. 2003). Even if the attorney ultimately becomes a witness in the trial, "he is not prohibited from conducting discovery, drafting motions, or serving in some other capacity." *Mercury Vapor Processing Techs.*, 545 F. Supp. 2d at 789.

Merrill Lynch argues that depositions are "evidentiary proceedings" from which Gold should be barred as an advocate. However, Merrill Lynch does not support its contention by any citation to relevant case law (instead citing out-of-district cases and, in a wholly misleading manner, one local case), and other courts in this district have specifically held to the contrary. *See, e.g.*, *Drago v. Davis*, No. 96 C 2398, 1996 WL 479696, at *5 (N.D. Ill. Aug. 20, 1996). Without more specific authority, the court declines to stretch the meaning of "evidentiary proceedings" to include depositions.

Gold is not barred from serving as Sicher's attorney in the pre-trial matters aside from evidentiary proceedings. However, Sicher should consider alternative options for counsel now, particularly since Gold, as a witness, may be subject to impeachment regarding his bias, and since the effectiveness of such impeachment may be proportional to his involvement in this case. The court also notes that the same "unsworn witness" problem that would plague Gold's examination of Greenfield at trial might undermine the value of any deposition of Greenfield by

alternate counsel outweigh that interest. Accordingly, the court disqualifies Gold from participating in the trial and other evidentiary proceedings in this matter. *See* L.R. 83.53.7(a).

However, Gold need not be disqualified from all phases of the litigation. Local Rule 83.53.7(c) bars an attorney-witness from representing clients at trial and in evidentiary proceedings but also specifically notes, "[N]othing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation." *See* L.R. 83.53.7(c); *see In re Thomas Consol. Indus., Inc.*, 289 B.R. 647, 653-54 (N.D. Ill. 2003). Even if the attorney ultimately becomes a witness in the trial, "he is not prohibited from conducting discovery, drafting motions, or serving in some other capacity." *Mercury Vapor Processing Techs.*, 545 F. Supp. 2d at 789.

Merrill Lynch argues that depositions are "evidentiary proceedings" from which Gold should be barred as an advocate. However, Merrill Lynch does not support its contention by any citation to relevant case law (instead citing out-of-district cases and, in a wholly misleading manner, one local case), and other courts in this district have specifically held to the contrary. *See, e.g.*, *Drago v. Davis*, No. 96 C 2398, 1996 WL 479696, at *5 (N.D. Ill. Aug. 20, 1996). Without more specific authority, the court declines to stretch the meaning of "evidentiary proceedings" to include depositions.

Gold is not barred from serving as Sicher's attorney in the pre-trial matters aside from evidentiary proceedings. However, Sicher should consider alternative options for counsel now, particularly since Gold, as a witness, may be subject to impeachment regarding his bias, and since the effectiveness of such impeachment may be proportional to his involvement in this case. The court also notes that the same "unsworn witness" problem that would plague Gold's examination of Greenfield at trial might undermine the value of any deposition of Greenfield by

Gold and, in turn, that deposition's admissibility at trial for purposes of impeachment. *See* Fed. R. Evid. 403(b). Still, the selection of counsel for pre-trial proceedings is Sicher's to make, and the potential burden of such a selection is his to shoulder, regardless of this court's admonitions.

### B.     Fox & Fox

Gold's firm of Fox & Fox is not disqualified from representing Sicher. Local Rule 83.53.7(c) states, "Except as prohibited by LR83.51.7 or LR83.51.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness . . . ." Thus, the only limitations on the representation of the client by the disqualified attorney's firm's are the rules governing conflicts of interest. As the comment illustrates, one such conflict may arise between the testimony of the client and that of the lawyer-witness. L.R. 83.53.7(c) cmt.

Merrill Lynch does not confront the local rule as written, but rather cites cases that only support the proposition that the barred attorney's firm *might* be disqualified, without identifying any conflict equally present in this case. *See Mercury Vapor Processing Techs.*, 545 F. Supp. at 790 (specifically citing Local Rule 83.53.7(c) and noting that "Ordinarily, another member of the lawyer-witness's law firm may continue acting as an advocate during trial even if the lawyer-witness is disqualified."); *see also Evergreen Marine Corp. v. Division Sales, Inc.*, No. 01 C 4933, 2003 WL 1127905, at *2 (N.D. Ill. Mar. 12, 2003). The cited case of *Jones v. City of Chicago*, 610 F. Supp. 350 (N.D. Ill. 1984) is likewise inapposite. *Jones* preceded the local rules; while the *Jones* court elected not to follow the persuasive Model Rules, *id.* at 359, this court enjoys much less discretion under the now-binding local rules. Like the other cited cases, the *Jones* court described no circumstances that would counsel disqualification of Fox & Fox here.

The local rules afford Fox & Fox the presumption against disqualification, and Merrill Lynch has failed to overcome that presumption by pointing to a specific conflict of interest that would counsel disqualification.  Instead, Merrill Lynch raises questions about Gold's continued financial stake in the litigation if Fox & Fox is allowed to remain.  Gold's financial stake in this case, if any, is a ground for impeachment on grounds of bias, and perhaps a fertile one, but not for disqualification, as it creates a confluence rather than conflict of interest.

The court again warns Sicher that Fox & Fox's continued representation may have serious ramifications for his case.  Gold, if he testifies at trial, will be subject to impeachment regarding any bias he may have, including his connection to plaintiff's counsel.  Nevertheless, as with Sicher's continued retention of Gold until trial, his continued retention of Fox & Fox–and the consequences that flow from that retention–are his choice.

### IV.  CONCLUSION

Merrill Lynch's motion to disqualify is granted in part, as described above.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 11, 2009

The local rules afford Fox & Fox the presumption against disqualification, and Merrill Lynch has failed to overcome that presumption by pointing to a specific conflict of interest that would counsel disqualification.  Instead, Merrill Lynch raises questions about Gold's continued financial stake in the litigation if Fox & Fox is allowed to remain.  Gold's financial stake in this case, if any, is a ground for impeachment on grounds of bias, and perhaps a fertile one, but not for disqualification, as it creates a confluence rather than conflict of interest.

The court again warns Sicher that Fox & Fox's continued representation may have serious ramifications for his case.  Gold, if he testifies at trial, will be subject to impeachment regarding any bias he may have, including his connection to plaintiff's counsel.  Nevertheless, as with Sicher's continued retention of Gold until trial, his continued retention of Fox & Fox–and the consequences that flow from that retention–are his choice.

### IV.  CONCLUSION

Merrill Lynch's motion to disqualify is granted in part, as described above.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 11, 2009