# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1825 | **DATE** | 8/01/2011 |
| **CASE TITLE** | Sicher vs. Merrill Lynch & Co. | | |

**DOCKET ENTRY TEXT**

Upon consideration of the defendant's Bill of Costs [72], the defendant is awarded a total of $5,223.07.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Federal Rule of Civil Procedure 54(d)(1) enables a prevailing party to recover costs. In the instant case, the court entered judgment in favor of the defendant on March 9, 2011; therefore, the defendant is the prevailing party. *See Hoeller v. Eaton Corp*, 149 F.3d 621, 626 (7th Cir. 1998) (A party that "had all claims in the district court resolved in its favor . . . is the very definition of a prevailing party."). On March 23, 2011, the defendant timely filed its bill of costs, seeking to recover $6,787.73. *See* L.R. 54.1(a) (requiring the prevailing party to file a bill of costs within 30 days of the entry of a judgment allowing costs); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("[A] judgment silent about costs is one 'allowing costs.'"). Although Sicher has not filed an objection, "[i]n order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

The defendant requests $5,739.13 for fees incurred in connection with the depositions of Steven Sicher, Robert Graham, Daniel Duhig, Randall Gold, Thomas Lydon, and Adam Greenfield. Given that each of these individuals' accounts of what happened were material to the issues in the case (indeed, each of these depositions were cited in the defendant's motion for summary judgment), the court finds that the depositions were "reasonably necessary" to the case at the time the depositions were taken. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) ("The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." However, the court reasoned that the depositions at issue there "were reasonably necessary to the preparation of the defendant's motion for summary judgment."). However, "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court."[1] L.R. 54(b). The depositions took place in 2010, at which time the maximum amount for an ordinary transcript was $3.65 per page. *See* General Order 07-0024, *available at* http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/tfee0203.pdf.

Graham's, Duhig's, Lydon's, and Greenfield's depositions were charged at less than $3.65 per page, so the entire per-page amount will be allowed for each of those deposition transcripts; thus, the defendant is entitled to the following amounts: $520 for Graham's deposition, $337.50 for Duhig's deposition, $497.35 for Lydon's deposition, and $866.09 for Greenfield's deposition. However, Gold's deposition was charged at $3.78 per page and Sicher's deposition was charged at $4.62 per page, so only $3.65 per page will be allowed, for a total of ($3.65 x 147=) $536.65 for Gold's deposition and a total of ($3.65 x 245$^2$=) $894.25 for Sicher's deposition. In addition, the defendant paid for one copy of Sicher's deposition transcript. While the court finds that obtaining one copy of the plaintiff's transcript was reasonably necessary, the $4.62 per page rate charged far exceeds the 90¢ maximum copy rate set by the Judicial Conference of the United States and must be reduced accordingly. As a result, the defendant is entitled to ($0.90 x 245=) $220.50 for the copy of Sicher's deposition transcript. *See Cengr*, 135 F.3d at 456-57 (reducing an award of costs for copies of deposition transcripts where the per-page rate charged far exceeded the maximum copy rate established by the Judicial Conference of the United States).

In addition to the cost of the transcripts, the court may award costs incurred for a court reporter's attendance at the deposition. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("[W]e have previously held that even though [deposition attendance] fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)." (citations omitted)). Thus, the defendant is entitled to the following amounts: $100 for Sicher's deposition and $202.13 for Gold's deposition. The invoices that the defendant submitted do not indicate that the defendant was charged for a court reporter's attendance for the remaining depositions.

Costs for condensed transcripts and costs incurred for the convenience of counsel cannot be recovered. *Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002). In addition, "[c]osts associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable." *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003). Lastly, "[o]ther fees, such as those associated with deposition exhibits, are recoverable in the court's discretion if the prevailing party establishes that the exhibits were essential to understanding an issue in the case." *Camp v. Centrue Bank*, No. 08 C 4020, 2011 WL 2581751, at *2 (N.D. Ill. June 28, 2011) (citing *Harkins*, 286 F. Supp. 2d at 980). The defendants do not address why any deposition exhibits were essential and the necessity of the deposition exhibits is not self-evident. Accordingly, the defendant may not recover the cost of the following: deposition exhibits, a "CD Depo Litigation Package," shipping and handling, transcripts in e-transcript format, condensed transcripts, a ASCII disk, or a "Min-U-Script Bundle."

The defendant also seeks $1,048.60 for "exemplification and copies of papers necessarily obtained for use in this case." (Def.'s Bill of Costs, ECF No. 72.) "[C]harges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not." *Specht v. Google Inc.*, No. 09 C 2572, 2011 WL 2565666, at *3 (N.D. Ill. June 27, 2011). In addition, "[t]he materials must be prepared to present evidence to the court." *Id.* (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)). Lastly, "[w]hile a Bill of Costs need not contain a description of the copying 'so detailed as to make it impossible economically to recover' these costs, the party seeking recovery must provide a sufficient breakdown of the copying." *Id.* (quoting *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)). The defendant has presented internal billing records itemizing the copies made for this case. In addition, the defendant represents that it "necessarily incurred the following costs for preparing copies of documents in defending this case." Accordingly, the court finds that the defendant is entitled to recover the full amount of the copies.

Thus, the defendant is entitled to:
>$ 520.00 for Graham's deposition transcript
>$ 337.50 for Duhig's deposition transcript
>$ 497.35 for Lydon's deposition transcript
>$ 866.09 for Greenfield's deposition transcript
>$ 536.65 for Gold's deposition transcript

| STATEMENT |
|---|
| $ 894.25 for Sicher's deposition transcript<br>$ 220.50 for a copy of Sicher's deposition transcript<br>$ 202.13 for court reporter attendance fees for Gold's deposition<br>$ 100.00 for court reporter attendance fee for Sicher's deposition<br>$1,048.60 copying costs<br>$5,223.07 total costs recoverable. |
| [1]    Although some courts in this district have read Local Rule 54.1(b) to limit total reimbursement to the maximum amount per page, not the maximum amount per page plus a court reporter's attendance fee, the Seventh Circuit has awarded the maxiumum amount per page plus a court reporter's attendance fee, so this court will do so as well. *See Denson v. Ne. Ill. Reg'l Commuter R.R.,* No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill., June 27, 2003) ("Rule 54.1(b) (formerly Loc. Gen. R. 45(B)) has been read as limiting total reimbursement to $3.00 per page, not $3.00 per page plus a court reporter's attendance fee." (citations omitted)); *Cengr*, 135 F.3d at 457 (awarding the cost of attendance of a court reporter in addition to the cost of the transcript).<br><br>[2]    The invoice for Sicher's deposition indicates that Sicher's deposition transcript and one copy amounted to a total of 490 pages. Therefore, each document must have been (490 ÷ 2=) 245 pages. |